## Commonwealth v. Buterbaugh

*Jack Best,* for Commonwealth.

*Vincent E. Williams,* for defendant.

O'CONNELL, J., April 23, 1954. — On December 3, 1953, defendant, Mary Buterbaugh, was convicted of fraudulent conversion in the court of quarter sessions of this county. Defendant has made a motion for a new trial and alleges four reasons why she should have a new trial. All of the reasons and the argument of counsel for defendant are to the effect that the facts

proved at the trial do not constitute the crime of fraudulent conversion.

The facts upon which the conviction was had are as follows: Prosecutrix, Dorothy Kunrod, conducted a dancing school in the Borough of Latrobe, and defendant is a seamstress in that borough. The dancing school, under the direction of prosecutrix, decided to put on an entertainment, and it was necessary to have 200 costumes made for the children who were to be in the recital. Prosecutrix inquired of defendant if she would be able to make the costumes, and defendant agreed that she could. Defendant said she would have to have some money to purchase the material for the costumes, and prosecutrix gave defendant $128, which she had collected from the various pupils in her dancing class, and this money was to be used for the purchase of materials to be made into costumes. Defendant was to be paid for her time in the making of the costumes and for the materials purchased. Shortly after the agreement was made, defendant's hands became infected and she was unable to sew. Prosecutrix and her husband, after repeated attempts to have the work completed and the materials turned over or the money refunded, went to the home of defendant and, after some discussion, reached an agreement whereby defendant would return $50 of the money, the little material which she had purchased and the transaction would be closed. Defendant gave a check for $50 and then stopped payment on it. The material purchased was not given to prosecutrix, nor was any money refunded.

Defendant's version of what happened is that she was to have all of the sewing on all of the costumes and that a dispute arose because some of the mothers wanted to make their own costumes for their children. Defendant contends that prosecutrix took the contract away from her. She admitted that her hands were infected,

but denies that it affected her ability to sew. She said the tips of her fingers were not infected. Defendant contends that she did purchase some materials, and she had some of the material in court, which she contended arrived from New York after her last discussion with prosecutrix about a settlement.

It is apparent that defendant received $128 from prosecutrix, and it is also apparent from the findings of the jury that she fraudulently withheld this money after having received it. She apparently did nothing to carry out the agreement which she made with prosecutrix, who was acting as agent for the various pupils who needed the costumes. Defendant's attorney contends that this was merely a contract and ought not to be in criminal court, and he further contends that prosecutrix was not the owner of the money in the possession of defendant and was, therefore, not entitled to prosecute the case.

As we view this case, the moneys turned over to defendant to purchase materials belonged to the children who were to have the costumes made. Any materials purchased with this money belonged to the children who had advanced the money. The question was submitted to the jury as to whether or not defendant had in her possession either money or material which another person was entitled to receive and have and which defendant fraudulently withheld. The question of fraudulent withholding was submitted to the jury under proper instructions. The testimony was not taken stenographically and neither was the charge of the court.

The second reason advanced by the attorney for defendant in his motion for a new trial and in arrest of judgment is as follows: "The learned trial court erred in charging the jury substantially as follows: 'The chief question is whether the prosecutrix breached the contract or whether the defendant was unable to perform

it'." The writer of this opinion does not recall any such statement in his charge, and if such statement were made, it is taken out of context. The substance of the charge was to the effect that if defendant *fraudulently* withheld the money or property, which was due prosecutrix as agent for the children, then defendant would be guilty.

Counsel for defendant seems to be of the opinion that since the $128 collected and advanced by the prosecutrix was not the money of prosecutrix that defendant could not be guilty. With this position we do not agree.

"On the trial of an indictment for fraudulent conversion, under the Act of May 18, 1917, P. L. 241, it is not essential to prove that the defendant had received the property converted from its owner. Proof that the defendant obtained the property, from custodians left in charge of it by the owner, by false and fraudulent statements and, having thus received it, sold it and converted the proceeds to his own use is sufficient to sustain a conviction": Commonwealth v. Charles Davis (syllabus), 26 Dauph. 161.

Counsel for defendant seems to confuse the cases which would give rise to a civil action, these cases being the ones in which the title to the money or property passed to defendant at the time the contract was made. In this case, defendant never obtained title to the money, nor to the materials which she purchased. They at all times belonged to the prosecutrix or to the children whom she was representing.

"We said in Com. v. Overheim, supra, p. 427, 'The Act of May 18, 1917, makes the fraudulent conversion of property a misdemeanor, but it is essential that the property at the time of sale or conversion shall have belonged to another . . .' The words of the statute, 'money or property . . . which any other person, firm or corporation is entitled to receive and have', does

not refer to money *owing* another, but to money or property the title to and ownership of which is in another; it is another form of expressing money or property belonging to another": Commonwealth v. Mitchneck, 130 Pa. Superior Ct., 433, 435.

"It is essential, to warrant a conviction under the Fraudulent Conversion Act, that the property alleged to be converted should be *owned* by the prosecutor and not merely *owed* to him by reason of a contractual obligation": Commonwealth v. Wiener, 340 Pa. 369, 374.

Prosecutrix testified that for a long period of time after turning over the sum of $128 she kept pressing defendant for some action and finally requested defendant to turn over the materials which had been purchased with this money. She also testified that there was but $5 or $6 worth of materials purchased. Defendant contends that she purchased about $50 worth of materials and that she had expended some of her time in working on these materials. Prosecutrix contends that defendant was unable to do the work because of the infection and that defendant so stated. Defendant contends that her contract or agreement was canceled. No matter which of these contentions the jury would believe, whatever materials defendant had in her possession belonged to prosecutrix as agent for the children. In addition to this, if prosecutrix's story was believed by the jury, defendant not only withheld the material due the children, but the jury would be warranted in finding that defendant fraudulently withheld the balance of the money in her possession unexpended for materials.

### Decree

And now, to wit, April 23, 1954, the motion of defendant for a new trial and in arrest of judgment is denied. Defendant is directed to appear before the

trial court for sentence within a reasonable time, the date to be fixed by the district attorney.